1
2
3
4
5
6
7
8
9
10
11
12
13
14

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DONALD HENDERSON and GLORIA HENDERSON,

        Plaintiffs,

   v.

JUDGE KRISTEN ANDERSON,

        Defendant.

Case No. 2:19-cv-00789-RAJ

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

15

## I.   INTRODUCTION

16
17

This matter comes before the Court on Defendant's Motion to Dismiss and Plaintiffs' motion for clarification. Dkt. ## 10, 16.

18
19

For the reasons below, the Court **GRANTS** Defendant's Motion to Dismiss. Dkt. # 16. The Court also **DENIES as moot** Plaintiff's motion for clarification. Dkt. # 10.

20

## II.   BACKGROUND

21
22
23
24
25
26
27

The allegations in Plaintiffs' complaint stem from a contested traffic hearing that occurred on April 7, 2017. Dkt. # 1-1. Plaintiffs claim that during the hearing Judge *Pro Tem* Anderson indicated support for the officer's report of the traffic stop and knowingly made additional statements about Plaintiff Donald Henderson's conduct during the event. Plaintiffs claim that Judge Anderson's statements about Mr. Henderson were of the type that constitute elder abuse. *Id.* at 2. Plaintiffs further claim that this hearing was unprecedented, illegal and personal as Judge Anderson did not permit Plaintiffs to put forth

28

ORDER – 1

a defense to rebut her understanding of the events. *Id.* at 3.

Plaintiffs bring this action arguing that several of their constitutional rights were violated. *Id.* at 2. Specifically, plaintiffs claim Judge Anderson violated their rights to an impartial jury, to confront witnesses, to speedy trial, to have witnesses appear, and to equal protection under the law. *Id.*

### III.  DISCUSSION

#### A.  Motion to Dismiss Under Rule 12(b)(6)

Rule 12(b)(6) requires the court to assume the truth of the complaint's factual allegations and credit all reasonable inferences arising from those allegations. *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007). The plaintiff must point to factual allegations that "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 568 (2007). If the plaintiff succeeds, the complaint avoids dismissal if there is "any set of facts consistent with the allegations in the complaint" that would entitle the plaintiff to relief. *Id.* at 563; *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) ("When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."). The court typically cannot consider evidence beyond the four corners of the complaint, although it may rely on a document to which the complaint refers if the document is central to the party's claims and its authenticity is not in question. *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006). The court may also consider evidence subject to judicial notice. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

Because Plaintiffs are *pro se*, the court must construe the complaint liberally when evaluating it under the *Iqbal* standard. *See Johnson v. Lucent Techs., Inc.*, 653 F.3d 1000, 1011 (9th Cir. 2011). Although the court holds the pleadings of *pro se* plaintiffs to "less stringent standards than those of licensed attorneys," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), "those pleadings nonetheless must meet some minimum threshold in providing a defendant with notice of what it is that it allegedly did wrong." *Brazil v. U.S. Dep't of the*

ORDER – 2

*Navy*, 66 F.3d 193, 199 (9th Cir. 1995). Accordingly, the court should "not supply essential elements of the claim that were not initially pled." *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997). Nevertheless, "[l]eave to amend should be granted unless the pleading could not possibly be cured by the allegation of other facts, and should be granted more liberally to *pro se* plaintiffs." *McQuillion v. Schwarzenegger*, 369 F.3d 1091, 1099 (9th Cir. 2004) (quoting *Ramirez v. Galaza*, 334 F.3d 850, 861 (9th Cir. 2003)) (internal quotation marks omitted).

Even construing Plaintiffs' complaint liberally, the Court finds it proper to grant Defendant's motion. All of the alleged conduct complained about here occurred while Judge Anderson presided in open court. Dkt. # 1-1 at 1. "Judges are immune from suit arising out of their judicial acts, without regard to the motives with which their judicial acts are performed, and notwithstanding such acts may have been performed in excess of jurisdiction, provided there was not a clear absence of all jurisdiction over the subject matter." *Sires v. Cole*, 320 F.2d 877, 879 (9th Cir. 1963); *see also Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978) (explaining that a judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority). Because Plaintiffs allege here that Judge Anderson was carrying out duties related to the judicial process (namely, presiding over a contested hearing), she is entitled to judicial immunity.

Ordinarily, leave to amend a complaint should be freely given following an order of dismissal, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (internal citations omitted). Because all of the acts complained about here occurred while Judge Anderson presided in court, there are no viable alternative claims for this set of facts where relief could be granted. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992) ("A district court does not err in denying leave to amend where the amendment would be futile."). Accordingly, the Court **GRANTS** Defendant's motion without leave

ORDER – 3

to amend.

## IV. CONCLUSION

For the reasons stated above, the Court **GRANTS** Defendant's Motion to Dismiss. Dkt. # 16. The Court also **DENIES as moot** Plaintiff's motion for clarification. Dkt. # 10.

DATED this 23rd day of August, 2019.

*Richard A. Jones*

The Honorable Richard A. Jones
United States District Judge

ORDER – 4